UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL CALHOUN #379175,

        Plaintiff,

v.

P. MORRIS, et al.,

        Defendants.

Hon. Hala Y. Jarbou

Case No. 1:20-cv-387

_____/

## REPORT AND RECOMMENDATION

Plaintiff initiated this action against Corrections Officer P. Morris and the City of Muskegon.   Plaintiff was recently granted leave to amend his complaint. Because Plaintiff has been permitted to proceed as a pauper, (ECF No. 4), the Court has reviewed Plaintiffs' amended complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted.   Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's claims against the City of Muskegon be dismissed.

## ANALYSIS

A claim must be dismissed for failure to state a claim on which relief may be granted unless the "[f]actual allegations [are] enough to raise a right for relief above the speculative level on the assumption that all of the complaint's allegations are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).   As the Supreme Court has held, to avoid dismissal, a complaint must contain "sufficient factual matter, accepted as

1

true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).   This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."   If the complaint simply pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"   *Id.*   As the Court further observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. . .Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.   Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. . .Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief."

*Id.* at 678-79 (internal citations omitted).

In his Amended Complaint, Plaintiff identifies the City of Muskegon as a defendant.   However, Plaintiff makes no other mention therein to the City of Muskegon. Plaintiff asserts no factual allegations against the City of Muskegon and articulates no claim against it.   Simply put, Plaintiff has failed to allege any facts which, even if accepted as true, would entitle him to relief against the City of Muskegon.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that any claims asserted in Plaintiff's Amended Complaint against the City of Muskegon be dismissed for failure to state a claim on which relief may be granted.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.   28 U.S.C. § 636(b)(1)(C).   Failure to file objections within the specified time waives the right to appeal the District Court's order.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: April 28, 2021                    /s/ Phillip J. Green
                                         PHILLIP J. GREEN
                                         United States Magistrate Judge

3