UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

S<small>AMUEL</small> C<small>ALHOUN</small> #379175,

      Plaintiff,                    Hon. Jane M. Beckering

v.                                      Case No. 1:20-cv-387

P. M<small>ORRIS</small>, et al.,

      Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant Morris' Motion for Summary Judgment. (ECF No. 60). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be granted, Plaintiff's claims against the Michigan Department of Corrections be dismissed, and this action terminated.

## BACKGROUND

Plaintiff is presently incarcerated with the Michigan Department of Corrections at the Muskegon Correctional Facility (MCF) where the events giving rise to this action occurred. Plaintiff initiated this action against: (1) MCF employee P. Morris; (2) the Michigan Department of Corrections (MDOC); and (3) the City of Muskegon.[1] In his complaint, Plaintiff alleges the following.

---

[1] Plaintiff's claims against the City of Muskegon have already been dismissed. (ECF No. 26).

1

On November 5, 2018, legal mail addressed to Plaintiff arrived at MCF. Plaintiff had previously requested that his legal mail be opened only in his presence. Later that day, Plaintiff "arrived at the control center to sign for his legal mail." When Defendant Morris handed Plaintiff his legal mail, Plaintiff realized that it had already been opened outside his presence. Defendant Morris not only opened Plaintiff's legal mail outside his presence, but read the contents therein. On June 21, 2019, legal mail addressed to Plaintiff arrived at MCF. Later that day, Plaintiff arrived at the control center to receive his legal mail. Again, after receiving his legal mail, Plaintiff realized that Defendant Morris had already opened it outside his presence and read the contents therein.

Plaintiff alleges that Morris, by opening his legal mail outside his presence, violated his First and Fourteenth Amendment rights. Plaintiff also alleges that Morris retaliated against him in violation of his First Amendment rights. Defendant Morris now moves for summary judgment. Plaintiff has responded to the motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*,

396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

## ANALYSIS

### I. Interference with Legal Mail

That the First Amendment protects the right of prisoners to receive mail is well established. *See Merriweather v. Zamora*, 569 F.3d 397, 316 (6th Cir. 2009). But, because incoming mail poses a greater security threat than outgoing mail, prison officials may "open prisoners' incoming mail pursuant to a uniform and evenly applied policy with an eye to maintaining prison security." *Sallier v. Brooks*, 343 F.3d 868, 873 (6th Cir. 2003). Incoming legal mail, however, must be opened in the prisoner's presence if such is requested. *See, e.g., Rodgers v. Driesbach*, 2021 WL 854971 at *2 (S.D. Ohio, Mar. 8, 2021) (quoting *Sallier*, 343 F.3d at 874, 877). Plaintiff alleges that defendant twice opened his legal mail outside his presence.

In support of her request for relief, Defendant asserts three arguments only one of which is persuasive. Taking the unpersuasive arguments first, Defendant argues that Plaintiff's allegations fail to state a claim because opening his legal mail "outside of his presence on two occasions" simply fails to articulate a viable First Amendment claim. The Sixth Circuit, however, has rejected this argument. *See Merriweather*, 569 F.3d at 316-17 (opening a prisoner's mail in an "arbitrary or capricious fashion," even if such

4

involves only "two or three pieces of mail," violates the First Amendment).[2]  Moreover, because this conclusion was rendered in 2009, Defendant's argument that she is entitled to qualified immunity likewise fails.

Defendant also argues that, even assuming Plaintiff's legal mail was opened outside his presence, Plaintiff cannot establish that she was the individual who did so. The Court agrees.  Defendant has presented evidence that she did not open Plaintiff's mail outside his presence.  (ECF No. 61-2, PageID.389-94).  Plaintiff, however, has presented no evidence supporting the argument that Defendant opened his legal mail outside his presence.  Rather, Plaintiff asserts that his legal mail was already opened when he arrived to collect it.  From this Plaintiff surmises that because Defendant was the person who handed his mail to him, she must have been the person who improperly opened it.  Despite having had ample opportunity to conduct discovery, Plaintiff has failed to present evidence from which a reasonable juror could conclude that Plaintiff's theory is anything other than pure speculation.

Stated differently, Plaintiff has failed to demonstrate the existence of a genuine dispute of material fact necessary to deny Defendant's motion for summary judgment. Plaintiff attempts to avoid this conclusion by citing to grievance responses indicating that Defendant, as part of the investigation into Plaintiff's grievances, stated that she did open Plaintiff's mail, but only did so in Plaintiff's presence.  (ECF No. 63-1,

---

[2] Defendant cites to two cases in support of her argument, neither of which concern the alleged interference with legal mail.  *See Johnson v. Wilkinson*, 229 F.3d 1152 (6th Cir. 2000); *Colvin v. Caruso*, 605 F.3d 282 (6th Cir. 2010).

PageID.449-53). According to Plaintiff, this evidence creates a factual dispute whether Defendant opened his mail in his presence, as she allegedly stated to grievance investigators, or opened his mail outside his presence as he alleges. The Court finds this argument unpersuasive for two reasons.

First, this "evidence" does not alter the conclusion that Plaintiff has failed to present evidence supporting his theory that Defendant opened his legal mail outside his presence. According to the grievance responses cited by Plaintiff, Defendant told prison officials that she did not open Plaintiff's mail outside his presence, which is consistent with the evidence she has submitted in support of her motion for summary judgment. The Court fails to discern how these statements advance Plaintiff's position.

Moreover, even if the Court assumes that the statements in these grievance responses advances Plaintiff's position, the grievance responses are inadmissible and the statements to which Plaintiff cites are hearsay. It is well understood that only admissible evidence can be considered when resolving a motion for summary judgment. *See, e.g., Bluegrass Dutch Trust Morehead, LLC v. Rowan County Fiscal Court*, 734 Fed. Appx. 322, 327 (6th Cir., May 10, 2018). The Court recognizes that a party opposing a motion for summary judgment can rely on evidence which is not in admissible form so long as it can be presented at trial in admissible form. *See McGuire v. Michigan Department of Community Health*, 526 Fed. Appx. 494, 496 (6th Cir., May 9, 2013).

But, when a party opposing a motion for summary judgment relies on evidence that is not presently in admissible form, the burden is on that party to demonstrate that the evidence is capable of being presented in admissible form at trial. As the Sixth Circuit has observed:

> The submissions by a party opposing a motion for summary judgment need not themselves be in a form that is admissible at trial . . . However, the party opposing summary judgment must show that she can make good on the promise of the pleadings by laying out enough evidence that will be admissible at trial to demonstrate that a genuine issue on a material fact exists, and that a trial is necessary. Such evidence submitted in opposition to a motion for summary judgment must be admissible. That is why hearsay evidence . . . must be disregarded.

*Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009) (internal citations omitted).

Plaintiff is seeking to defeat a properly supported motion for summary judgment by doing nothing more than citing to hearsay statements in inadmissible documents. Plaintiff has made no attempt to articulate how the evidence in question can be presented at trial in admissible form. Likewise, there is no indication that Plaintiff, despite having ample opportunity for discovery, has made any attempt to discover facts that would help meet his burden in this regard. The Court, therefore, concludes that Plaintiff's reliance on these grievance response forms is insufficient. Accordingly, the undersigned recommends that as to Plaintiff's First Amendment mail interference claims, Defendant's motion for summary judgment be granted.

## II.   Retaliation

Plaintiff alleges that Defendant opened his legal mail on November 5, 2018, and again on June 21, 2019, to retaliate against Plaintiff for filing a grievance against her. To prevail on his retaliation claims, Plaintiff must satisfy three elements: (1) he was engaged in constitutionally protected conduct; (2) Defendant took adverse action against him which would deter a person of ordinary firmness from continuing to engage in protected conduct; and (3) the adverse action was motivated by Plaintiff's protected conduct. *See Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010).

### A.   November 5, 2018, Incident

Plaintiff alleges that the protected conduct that prompted Defendant to retaliate against him was the grievance he filed against Defendant *after* she allegedly opened his legal mail outside his presence on November 5, 2018. Because this grievance was filed after the alleged incident, such could not possibly have motivated Defendant to improperly open Plaintiff's legal mail. Plaintiff has failed to allege the existence of any other protected conduct with respect to this claim. Accordingly, the undersigned recommends that as to this claim, Defendant is entitled to summary judgment.

### B.   June 21, 2019, Incident

With respect to this claim, Plaintiff can establish the first two elements of his claim. Plaintiff's claim fails, however, because he cannot establish the necessary causal connection between his protected conduct and Defendant's allegedly retaliatory conduct.

8

With respect to causation, courts recognize that retaliation is easy to allege and "is often very difficult to prove with direct evidence." *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted). Conclusory allegations of retaliatory motive are insufficient, however. *See Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004). Instead, Plaintiff must, at a minimum, allege a chronology of events from which retaliation can plausibly be inferred. *See Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004).

Plaintiff's claim fails because he has failed to present evidence even suggesting that the fact that he filed a grievance in November 2018, which resulted in no discipline to Defendant, in any way motivated her to allegedly open Plaintiff's legal mail more than seven months later. Plaintiff has failed to allege or demonstrate a chronology of events from which retaliation can plausibly be inferred. Likewise, Plaintiff offers no evidence to support causation, but instead merely advances the unsubstantiated conclusion that Defendant must have acted for unlawful retaliatory purposes. Such is insufficient, however, to defeat a properly supported motion for summary judgment. Accordingly, the undersigned recommends that as to Plaintiff's retaliation claims, Defendant is entitled to summary judgment.

### III. Due Process

Plaintiff alleges that Defendant violated his right to due process by "depriving him of the right to be present" when his legal mail was opened and searched for contraband. To prevail on his due process claim, Plaintiff must establish: (1) he possessed a constitutionally protected life, liberty, or property interest; (2) he was deprived of that interest; and (3) he was denied adequate procedural rights prior to the deprivation. *See Women's Medical Professional Corp. v. Baird*, 438 F.3d 595, 611 (6th Cir. 2006). Plaintiff's claim fails for two reasons.

First, Plaintiff has presented no evidence that his legal mail was opened outside his presence. Second, even if Plaintiff had presented such evidence, he has failed to present evidence establishing that such constituted a due process violation. To establish that he was denied due process due to Defendant's unauthorized act, Plaintiff must "plead and prove" that the state's post-deprivation remedies were inadequate. *See, e.g., Brooks v. Michigan Department of Corrections*, 2021 WL 3185334 at *2 (W.D. Mich., July 28, 2021) (citations omitted). Plaintiff has failed to satisfy this requirement. Accordingly, the undersigned recommends that as to Plaintiff's due process claim, Defendant is entitled to summary judgment.

### IV. Equal Protection

Plaintiff alleges that Defendant, by improperly opening his legal mail, denied him equal protection of the law.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. To prevail on his equal protection claim, Plaintiff must establish that Defendant treated him "disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis." *Andrews v. City of Mentor, Ohio*, 11 F.4th 462, 473 (6th Cir. 2021).

Plaintiff has presented no evidence that Defendant treated him differently than any other similarly situated person or that any such disparate treatment burdened a fundamental right, targeted a suspect class, or lacked a rational basis. As to Plaintiff's equal protection claim, therefore, the undersigned recommends that Defendant is entitled to summary judgment.

**V.     MDOC**

Plaintiff has identified the Michigan Department of Corrections (MDOC) as a defendant, although it is not clear precisely what claims Plaintiff is asserting against it. Nevertheless, Plaintiff's claims against the MDOC must be dismissed.

First, Plaintiff may not assert a § 1983 action against the MDOC. The State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Board of Regents*, 535 U.S. 613, 617 (2002).

Moreover, the State of Michigan and its departments are immune from suit in federal court under the Eleventh Amendment unless the State waives its immunity or Congress expressly abrogates such. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 98-101 (1984). The State of Michigan has not waived its Eleventh Amendment immunity, *see Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013), and Congress has not abrogated such. *See Quern v. Jordan*, 440 U.S. 332, 341 (1979). Thus, the MDOC is immune from suit. *See, e.g., McCoy v. Michigan*, 369 Fed. Appx. 646, 653-54 (6th Cir., Mar. 12, 2010). Accordingly, the undersigned recommends that Plaintiff's claims against the MDOC be dismissed.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Defendant Morris' Motion for Summary Judgment (ECF No. 60) be granted; Plaintiff's claims against the Michigan Department of Corrections be dismissed; and this action terminated.

For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                          Respectfully submitted,

Date: April 7, 2022                          /s/ Phillip J. Green
                                          PHILLIP J. GREEN
                                          United States Magistrate Judge