UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SAMUEL EUGENE CALHOUN,

    Plaintiff,

v.

P. MORRIS, et al.,

    Defendants.
_____/

Case No. 1:20-cv-387

HON. JANE M. BECKERING

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendant Morris filed a motion for summary judgment as to Plaintiff's claims against her. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that this Court grant Defendant Morris' motion, dismiss Plaintiff's remaining claim against the Michigan Department of Corrections (MDOC), and terminate this case. The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation, to which Defendants did not file a response; and Plaintiff's motion for a "temporary stay," which Defendants oppose. The Court denies the objections, denies the motion to stay as moot, and issues this Opinion and Order.

An objection to a magistrate judge's report and recommendation must "specifically identify the portions of the proposed findings, recommendations, or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). The Court's task is to review de novo "those portions of the report or specified proposed findings or recommendations to which

objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3).  Here, Plaintiff presents four arguments in "response" to the Report and Recommendation, limited to the Magistrate Judge's recommended dismissal of Defendant Morris.  Plaintiff does not challenge the Magistrate Judge's recommended dismissal of Defendant MDOC, indicating that he did not "initiate an action" against the MDOC (Pl. Obj., ECF No. 70 at PageID.529)

First, Plaintiff argues that because the statements in the parties' declarations, affidavit, and grievance submissions demonstrate genuine disputes as to material facts, the Magistrate Judge erred in recommending summary judgment of his First Amendment mail-interference claim against Defendant Morris (Pl. Obj., ECF No. 70 at PageID.519–523).  However, Plaintiff fails to address—let alone identify any error in—the Magistrate Judge's determination that Plaintiff is seeking to defeat a properly supported motion for summary judgment by "doing nothing more than citing to hearsay statements in inadmissible documents" (R&R, ECF No. 69 at PageID.509).  Plaintiff's objection is properly denied.

Second, Plaintiff argues that because he demonstrated a chronology of events from which retaliation can plausibly be inferred, the Magistrate Judge erred in recommending summary judgment of his retaliation claim against Defendant Morris (Pl. Obj., ECF No. 70 at PageID.525–526).  However, Plaintiff fails to address—let alone identify any error in—the Magistrate Judge's determination that he offered no evidence to support causation but instead "merely advances the unsubstantiated conclusion that Defendant must have acted for unlawful retaliatory purposes" (R&R, ECF No. 69 at PageID.511).  Plaintiff's second objection is also properly denied.

Third, Plaintiff asserts that he has "pled allegations that plausibly show that Defendant Morris' conduct violated his due process rights" (Pl. Obj., ECF No. 70 at PageID.526–528).  However, Plaintiff fails to address—let alone identify any error in—the Magistrate Judge's

determination that Plaintiff presented no evidence either that (1) his legal mail was opened outside his presence or (2) the state's post-deprivation remedies were inadequate (R&R, ECF No. 69 at PageID.512).  Plaintiff's third objection is properly denied.

Fourth, citing his Declaration and Amended Complaint, Plaintiff argues in support of his equal protection claim that he has "plead and proven that Defendant has a reputation of being extremely aggressive and verbally confrontational towards inmates in a deliberate effort to try[] to provide them" (Pl. Obj., ECF No. 70 at PageID.529).  However, Plaintiff's argument fails to identify any factual or legal error in the Magistrate Judge's determination that Plaintiff presented "no evidence that Defendant treated him differently than any other similarly situated person or that any such disparate treatment burdened a fundamental right, targeted a suspect class, or lacked a rational basis" (R&R, ECF No. 69 at PageID.513).  Plaintiff's fourth objection is properly denied.

Last, Plaintiff's motion to stay proceedings, which was based on Plaintiff "not being able to respond due to his medical condition" (ECF No. 74 at PageID.566), is properly denied as moot because there is no provision in this Court's Local Rules for any further responsive filings.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court, including the Magistrate Judge's recommendation to certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).  Because this Opinion and Order resolves the last remaining claims in this case, a Judgment will be entered.  *See* FED. R. CIV. P. 58.  Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 70) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 69) is APPROVED and ADOPTED as the Opinion of the Court.

3

**IT IS FURTHER ORDERED** that Defendant Morris' Motion for Summary Judgment (ECF No. 60) is GRANTED, and the claims against her are DISMISSED.

**IT IS FURTHER ORDERED**, on the Court's own motion, that the claims against Defendant Michigan Department of Corrections are DISMISSED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Temporary Stay (ECF No. 73) is DENIED as moot.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated: August 16, 2022      /s/ Jane M. Beckering
                                                                      JANE M. BECKERING
                                                                      United States District Judge